UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
----------------------------------------
KENNETH PAPINEAU and VERONICA
PAPINEAU, OLIVER HILL, and SUMMER
ROCKWELL,

            Plaintiffs,

vs.

JOHN DILLON, individually, and
Sheriff of Onondaga County and THE
COUNTY OF ONONDAGA,

            Defendants.
----------------------------------------

93-CV-491 FJS

**VERIFIED COMPLAINT**

Civil Action No._____

JUDGE SCULLIN, JR.

MAG. DI BIANCO

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
APR 16 1993
AT _____ O'CLOCK ___ M
GEORGE A. RAY, CLERK
SYRACUSE

### INTRODUCTORY STATEMENT

1. This is an action against John Dillon individually and as the Sheriff of Onondaga County, as well as against the County of Onondaga as a separate party. The basis for this action is that John Dillon, both individually, and as the Sheriff of Onondaga County, has deprived the Plaintiffs of civil rights by failing to provide them with police protection based upon their race. The County of Onondaga is a named Defendant based upon its maintenance, approval of, and toleration of a policy of requiring an invitation by certain persons residing in the Town of Onondaga, State of New York, County of Onondaga, before police protection is provided. As a result, the Defendants are liable pursuant to Title 42 USC § 1983.

### JURISDICTION

2. This action is brought pursuant to 42 USC § 1983 and § 1988 and the Fifth and Fourteenth Amendments to the United States Constitution.

-1-

3. The jurisdiction of this Court is predicated upon Title 28 USC § 1343(3)(4) and § 1331.

## THE PARTIES

4. Plaintiffs are natural persons who are residents of the Town of Onondaga, County of Onondaga, State of New York. They are members of the Onondaga Nation.

5. Defendant John Dillon in his individual capacity, upon information and belief, is a resident of the County of Onondaga.

6. Defendant John Dillon, in his capacity as Onondaga County Sheriff, holds said office pursuant to Article 13 § 13 of the Constitution of the State of New York, as well as § 650 of the County Law of the State of New York, as well as § 10.02 of the Onondaga County Charter.

7. Upon information and belief, in order to assume said office, said sheriff must have taken an oath to support the Constitutions of the United States and the State of New York.

8. The County of Onondaga is a governmental entity and named as a Defendant on the basis of its policy concerning police protection and the failure to provide same based upon race.

9. At all times relevant hereto, Defendant John Dillon was acting in his capacity as Sheriff, but also as the agent, servant, and employee of the Defendant County of Onondaga. The Defendant County of Onondaga is a municipal corporation within the State of New York, who is liable as a "person".

10. At all times relevant hereto, each of the Defendants was acting under color of law and pursuant to their authority.

## FACTUAL ALLEGATIONS

11. For at least a decade, the County of Onondaga, by and through its sheriff, and John Dillon, both individually and as Sheriff of Onondaga County, have maintained an unlawful and illegal policy of requiring an invitation by certain designated persons in order to provide police protection to residents of the Town of Onondaga, County of Onondaga, State of New York, who are Indians and who happen to reside in an area known as the Onondaga Indian Territory. Such practice and procedure of policy is unlawful in that it discriminates against a certain group of persons based upon race.

12. Upon information and belief, all of the named Defendants were placed on notice of the illegal and unlawful nature of the aforesaid policy over ten years ago either in person, or by and through their counsel.

13. Again, on February 22, 1993, upon information and belief, Defendants were put on notice as to the illegal and unlawful nature of their policy and, more specifically, that said policy violated Title 42 USC § 1983.

14. Upon information and belief, again on April 1, 1993, the Defendants either in person, by letter, or through counsel were informed of the illegal and unlawful nature of their policy and that said policy was in violation of Title 42 USC § 1983.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST JOHN DILLON INDIVIDUALLY, AND AS SHERIFF OF ONONDAGA COUNTY

15. Plaintiffs repeat and reallege all of the allegation contained in this Complaint.

16. On April 1, 1993, Defendant John Dillon was requested to provide police protection, police patrol, to respond to specific reported crimes and otherwise patrol the southern portion of Onondaga County in the Town of Onondaga, bordering in and around Route 11 and elsewhere. Despite having been informed of the illegality of his policy, said John Dillon, did refuse and continued to refuse police protection, police response, police patrol, solely on the basis of the Plaintiffs' race, in that he repeatedly stated that he would not enter upon the Onondaga Indian Territory unless invited by certain designated persons.

17. At all times relevant to this cause of action, Defendant John Dillon was acting not only in his individual capacity, not only as the County Sheriff of Onondaga County, but also as an agent of the County of Onondaga. Said Defendant is sued in his individually and in his official capacity.

18. As a result of the foregoing, the Plaintiffs have suffered loss of business, incurred expenses, including legal fees, emotional distress and other damages.

19. As a result of the Defendant John Dillon continuing the policy aforesaid and acting as hereinabove described with full knowledge of the illegality of said conduct, Plaintiffs demand punitive damages as set forth hereinafter.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE SHERIFF OF THE COUNTY OF ONONDAGA AND THE COUNTY OF ONONDAGA

20. Plaintiffs repeat and reallege the allegations contained in this Complaint.

21. Upon information and belief, the violation to which Plaintiffs have been subjected were as a result of and consistent with an institutionalized practice of the Onondaga County Sheriff's Department, which was known to and ratified by the Defendants, their agents and employees, and at no time did the Defendants take any effective action to prevent the continuing violations arising from the policy.

22. As a result thereof, Plaintiffs sustain damages as here and above described and hereinafter set forth.

23. The above described actions and omissions engaged in by the Defendants under color of State authority, including the Defendant County, sued as a person, responsible because of its authorization, condonation, and ratification thereof, for the acts of its agents, deprived the Plaintiffs of rights secured to them by the Constitution of the United States, including but not limited to, the right to equal protection of the laws as set forth in the Fifth and Fourteenth Amendments to the Constitution, and the right not to be discriminated against in terms of police protection based upon race.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE SHERIFF OF ONONDAGA COUNTY AND THE COUNTY OF ONONDAGA

24. Plaintiffs repeat and reallege the allegations contain in this Complaint.

25. Pursuant to Title 28 USC § 2201(a), Plaintiffs seek a judgment for declaratory and injunctive relief.

26. More specifically, Plaintiffs seek a judgment declaring that the actions of the sheriff and the policy of the County as

aforesaid are illegal and in violation of Title 42 USC § 1983 and must be terminated.

WHEREFORE, Plaintiffs demand judgment and the following relief jointly and severally against all of the Defendants as follows:

    a. Compensatory damages in the amount of $1,000,000.00.

    b. Punitive damages in the amount of $5,000,000.00.

    c. A judgment declaring the policy of the Defendants to be illegal and in violation of Title 42 USC § 1983 and an order granting a permanent injunction.

    d. Attorney's fees pursuant to 42 USC § 1988.

    e. Such other and further relief as this Court may deem just and proper under the circumstances.

### DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial of all issues of fact to which the right of a jury trial applies.

Dated: April 15, 1993

_____
JOHN J. BRUNETTI, ESQ.
Attorney for Plaintiffs
Bar Role No.: 101241
121 East Water Street
Syracuse, New York  13202
(315) 471-1212

_____
JACK SCHULTZ, ESQ.
Attorney for Plaintiffs
Bar Role No.:
333 E. Onondaga Street
Syracuse, New York  13202
(315) 476-1600

-6-

## VERIFICATION

STATE OF NEW YORK    )
COUNTY OF ONONDAGA ) ss.:

    VERONICA PAPINEAU and KENNETH PAPINEAU, being duly sworn, says that deponents are Plaintiffs in the above-entitled action; that deponents have read the foregoing Complaint and know the contents thereof; that the same is true to deponents' own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponents believe it to be true.

                                 */s/ Veronica Papineau*
                                 Veronica Papineau

                                 */s/ Kenneth Papineau*
                                 Kenneth Papineau

Sworn to and subscribed before me
this 15 day of April, 1993.

*/s/ Notary*
Notary Public
Comm Exp 1/31/94

STATE OF NEW YORK    )
COUNTY OF ONONDAGA ) ss.:

    OLIVER HILL, being duly sworn, says that deponent is a Plaintiff in the above-entitled action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

                                 */s/ Oliver Hill*
                                 Oliver Hill

Sworn to and subscribed before me
this 15 day of April, 1993.

*/s/ Notary*
Notary Public
Comm Exp 1/31/94

STATE OF NEW YORK  )
COUNTY OF ONONDAGA )  ss.:

    SUMMER ROCKWELL, being duly sworn, says that deponent is a Plaintiff in the above-entitled action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

                                            Summer Rockwell

Sworn to and subscribed before me
this /5 day of April, 1993.

_____
Notary Public

       JOHN J. BRUNETTI
NOTARY PUBLIC in the State of New York
Qualified in Onondago Co. No. 4649940
My Commission Expires March 30, 19 94