UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
----------------------------------

KENNETH PAPINEAU and VERONICA
PAPINEAU, OLIVER HILL, and SUMMER
ROCKWELL,

        Plaintiffs,

vs.

JOHN DILLON, individually, and as
Sheriff of Onondaga County and THE
COUNTY OF ONONDAGA,

        Defendants.
----------------------------------

ORDER TO SHOW CAUSE

Civil Action No. 93-CV-491

JUDGE SCULLIN, JR.
MAG. DI BIANCO

    Upon the annexed affidavit of John J. Brunetti, Esq., together with the pleadings in this action:

    Let the Defendants John Dillon and The County of Onondaga show cause before a Judge of the United States District Court for the Northern District of New York at the Courthouse located at 100 South Clinton Street, Syracuse, New York, on the 22nd day of April, 1993, at 2 p.m., or soon thereafter as counsel can be heard,

    WHY AN ORDER pursuant to Federal Rule of Civil Procedure 65(a)(1)(2), 42 USC § 1983 and 28 USC § 1651 should not be granted enjoining the Defendants John Dillon and The County of Onondaga from continuing a policy of requiring an invitation from a particular individual in order to provide police protection of any sort to residents of the Town of Onondaga in the Southern portion of Onondaga County, in an area known as the Onondaga Territory, including those portions which border and surround State Route 11 and from continuing to fail to provide police protection based upon the race and location of the complainants making said request for police

-1-

protection, pending a hearing and determination of this application and of the merits of this action,

Sufficient reason appearing therefore, let service of a copy of this Order, with the supporting papers and other pleadings in this action, be had upon the County of Onondaga and John Dillon by delivering a copy thereof to the receptionist at the Office of the Onondaga County Sheriff at 407 South State Street and to the receptionist of the County Law Department, County Attorney's Office in the Onondaga County Civic Center at Syracuse, New York, by a person over the age of 18 years and not a party to this action, on or before the ____16th____ day of April, 1993, be deemed good and sufficient service under Rule 4 of the Federal Rules of Civil Procedure.

Dated: April 16st, 1993

                                  _____
                                  United States District Judge

```
UNITED STATES DISTRICT COURT
FOR THE  NORTHERN DISTRICT OF NEW YORK
-----------------------------------------
KENNETH PAPINEAU and VERONICA
PAPINEAU, OLIVER HILL, and SUMMER
ROCKWELL,                                       AFFIDAVIT

                Plaintiffs,                     Civil Action No._____
vs.

JOHN DILLON, individually, and as
Sheriff of Onondaga County and THE
COUNTY OF ONONDAGA,

                Defendants.
-----------------------------------------
```

STATE OF NEW YORK  )
COUNTY OF ONONDAGA )  ss.:

John J. Brunetti, ESQ., being duly sworn, deposes and states:

1. I am an attorney duly admitted to practice before this Court. I, along with Jack Schultz, Esq., represent the Plaintiffs in this action.

2. This application is made in support of a motion for a preliminary injunction.

3. For over ten years the Defendants in this action have maintained a policy which requires an invitation from a designated person in order for the County of Onondaga, its sheriff and John Dillon individually, to provide police protection to the residents of an area located in the Town of Onondaga in the Southern portion of Onondaga County, through which State Route 11 runs, which is known as the Onondaga Indian Territory. This policy of requiring an invitation by certain designated individuals in order for the sheriff's department officers to enter said premises is, I submit, an unlawful Order.

4. I brought the unlawful nature of such policy to the attention of the Defendant Sheriff and the Defendant County of Onondaga, by and through its counsel, approximately ten years ago while I was representing a sheriff's deputy who was being disciplined for violating the sheriff's Order not to enter the Onondaga Territory unless invited by certain designated individuals. It was was at that time that I brought to the attention of the various Defendants, through it counsel, Title 25 USC § 232, and the decision in People v. Cook, 81 Misc. 2d 235 (Onon. Cty. Ct. 1975).

5. At a meeting on February 22, 1993, attended by Sheriff Dillon, Edward Gerber, Esq., as his counsel, and other persons, I verbally informed the sheriff that it was his responsibility to provide police protection to all areas of the County of Onondaga, including the Onondaga Territory without requiring an invitation from certain designated individuals and further that his failure to do so would put him in violation of Title 42 USC § 1983.

6. On April 1, 1993, I again reminded Sheriff Dillon of his obligations under Title 42 USC § 1983.

7. On April 1, 1993, a group of persons basically took over Route 11 in the Town of Onondaga, State of New York, County of Onondaga. I personally spoke with Sheriff Dillon, and he told me that he would not enter the Territory without an invitation from certain designated individuals. I personally saw groups of person blocking the road. They had orange cones. They had flares. They stopped the car in which I was driving. I further saw unauthorized persons directing traffic in the middle of the road at the southbound off-ramp of Route 81. The vehicle in which I was driving was

almost in an accident because of the negligent conduct of the person unlawfully directing traffic. I observed numerous persons and cars blocking the entrances to various businesses. I brought these matters to the attention of Major Zemens of the Onondaga County Sheriff's Department. Major Zemens informed me that he could do nothing because he has orders from the sheriff not to enter the area unless there was an invitation by certain designated individuals.

8. To this date, upon information and belief, Route 11 remains in a somewhat similar state.

9. Upon information and belief, since April 1, 1993, there have several incidents of altercations which have been reported to the Onondaga County Sheriff's Department, but for which there was no physical response to the area by any sheriff's deputy.

10. I attach hereto and make part hereof, a separate affidavit which is being submitted in connection with an application for an injunction against the persons whom the Defendants in this action have failed to police.

11. I submit to this honorable Court, that this Court should issue this injunction pending the outcome of a trial on the merits of this case.

12. Pursuant to Rule 10(1) of the Rules of the Northern District of New York, I submit that Plaintiffs have shown a clear and specific showing of good and sufficient reasons why an order to show cause procedure, other than the ordinary notice of motion procedure, is necessary.

13. Pursuant to Title 28 USC § 1657(a), I submit that this Court should expedite the consideration of this motion for preliminary injunction.

14. Pursuant to Rule 65 of the Federal Rules of Civil Procedure and applicable case law, I submit that by being denied the fundamental right to police protection without regard to their race, Plaintiffs are being caused to suffer irreparable harm. I further allege that the Plaintiffs meet both prongs of the alternative tests:

    a. There is a likelihood of success on the merits.

    b. Even if there is a question as to the merits, a balance of hardships tips the scale in favor of the Plaintiffs seeking this injunctive relief.

WHEREFORE, I respectfully pray that the Court issue a preliminary injunction as requested.

_____
John J. Brunetti, Esq.

Sworn to and subscribed before me
this 16 day of April, 1993.

_____
Notary Public
Comm Exp 1/31/94

SUPREME COURT
STATE OF NEW YORK      COUNTY OF ONONDAGA
-------------------------------------
VERONICA PAPINEAU and KENNETH
PAPINEAU, d/b/a SMOKE SIGNALS;
OLIVER HILL, d/b/a O.R.'S FUEL;
and SUMMER ROCKWELL, d/b/a DRIVE
IN CIGARETTES,
                                                    **SUPPORTING AFFIDAVIT**
                    Plaintiffs,
vs.

JEANETTE BABCOCK COOK; ELIZABETH
ISAACS JACOBS, a/k/a BETTY JACOBS;
JOHN DOE and JANE DOE,

                    Defendants.
-------------------------------------

STATE OF NEW YORK  )
COUNTY OF ONONDAGA )  ss.:

    KENNETH PAPINEAU, being duly sworn, deposes and states that:

    1.  I am one of the Plaintiffs in the above-entitled action.

    2.  I operate a business on Route 11 in the Town of Onondaga, known as "Smoke Signals."

    3.  On April 1, 1993, a group of persons blocked the entry to my business establishment and other businesses along Route 11th with their bodies and with vehicles.

    4.  While driving in my car at my business establishment, I observed Defendant Jeanette Babcock Cook run up in front of my car with some type of placard.

    5.  She was part of the group that was causing the disturbance, blocking the entrance to my business establishment, blocking the road, maintaining road blocks, and otherwise engaging in such conduct.

6. Jeanette Babcock Cook, upon information and belief, is the owner of a competing business establishment.

7. Upon information and belief, Defendant, Elizabeth "Betty" Jacobs instigated at the premises owned and operated by Plaintiff Summer Rockwell. Said altercation occurred on April 1, 1993 and was instigated in furtherance of an attempt to shut down the businesses along Route 11.

8. Said Defendant Jacobs caused personal injury to a woman named Diosa Hall. She caused said injury by needlessly, and without provocation, pushing and shoving and otherwise assaulting said Diosa Hall. The basis for my information, and the source of my belief for this allegation is information provided to me by persons who observed this incident, as well as my viewing of a video tape depicting same.

WHEREFORE, I respectfully request that the Court issue an injunction in this case.

_____
Kenneth Papineau

Sworn to and subscribed before
me this 15 day of April, 1993.

_____
Notary Public
Com Exp 1/31/94

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
-------------------------------------
KENNETH PAPINEAU and VERONICA
PAPINEAU, OLIVER HILL, and SUMMER
ROCKWELL,                                           **VERIFIED COMPLAINT**

           Plaintiffs,              Civil Action No._____

vs.

JOHN DILLON, individually, and as
Sheriff of Onondaga County and THE
COUNTY OF ONONDAGA,

           Defendants.
-------------------------------------

## INTRODUCTORY STATEMENT

1. This is an action against John Dillon individually and as the Sheriff of Onondaga County, as well as against the County of Onondaga as a separate party. The basis for this action is that John Dillon, both individually, and as the Sheriff of Onondaga County, has deprived the Plaintiffs of civil rights by failing to provide them with police protection based upon their race. The County of Onondaga is a named Defendant based upon its maintenance, approval of, and toleration of a policy of requiring an invitation by certain persons residing in the Town of Onondaga, State of New York, County of Onondaga, before police protection is provided. As a result, the Defendants are liable pursuant to Title 42 USC § 1983.

## JURISDICTION

2. This action is brought pursuant to 42 USC § 1983 and § 1988 and the Fifth and Fourteenth Amendments to the United States Constitution.

-1-

3. The jurisdiction of this Court is predicated upon Title 28 USC § 1343(3)(4) and § 1331.

## THE PARTIES

4. Plaintiffs are natural persons who are residents of the Town of Onondaga, County of Onondaga, State of New York. They are members of the Onondaga Nation.

5. Defendant John Dillon in his individual capacity, upon information and belief, is a resident of the County of Onondaga.

6. Defendant John Dillon, in his capacity as Onondaga County Sheriff, holds said office pursuant to Article 13 § 13 of the Constitution of the State of New York, as well as § 650 of the County Law of the State of New York, as well as § 10.02 of the Onondaga County Charter.

7. Upon information and belief, in order to assume said office, said sheriff must have taken an oath to support the Constitutions of the United States and the State of New York.

8. The County of Onondaga is a governmental entity and named as a Defendant on the basis of its policy concerning police protection and the failure to provide same based upon race.

9. At all times relevant hereto, Defendant John Dillon was acting in his capacity as Sheriff, but also as the agent, servant, and employee of the Defendant County of Onondaga. The Defendant County of Onondaga is a municipal corporation within the State of New York, who is liable as a "person".

10. At all times relevant hereto, each of the Defendants was acting under color of law and pursuant to their authority.

## FACTUAL ALLEGATIONS

11. For at least a decade, the County of Onondaga, by and through its sheriff, and John Dillon, both individually and as Sheriff of Onondaga County, have maintained an unlawful and illegal policy of requiring an invitation by certain designated persons in order to provide police protection to residents of the Town of Onondaga, County of Onondaga, State of New York, who are Indians and who happen to reside in an area known as the Onondaga Indian Territory. Such practice and procedure of policy is unlawful in that it discriminates against a certain group of persons based upon race.

12. Upon information and belief, all of the named Defendants were placed on notice of the illegal and unlawful nature of the aforesaid policy over ten years ago either in person, or by and through their counsel.

13. Again, on February 22, 1993, upon information and belief, Defendants were put on notice as to the illegal and unlawful nature of their policy and, more specifically, that said policy violated Title 42 USC § 1983.

14. Upon information and belief, again on April 1, 1993, the Defendants either in person, by letter, or through counsel were informed of the illegal and unlawful nature of their policy and that said policy was in violation of Title 42 USC § 1983.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST JOHN DILLON INDIVIDUALLY, AND AS SHERIFF OF ONONDAGA COUNTY

15. Plaintiffs repeat and reallege all of the allegation contained in this Complaint.

-3-

16. On April 1, 1993, Defendant John Dillon was requested to provide police protection, police patrol, to respond to specific reported crimes and otherwise patrol the southern portion of Onondaga County in the Town of Onondaga, bordering in and around Route 11 and elsewhere. Despite having been informed of the illegality of his policy, said John Dillon, did refuse and continued to refuse police protection, police response, police patrol, solely on the basis of the Plaintiffs' race, in that he repeatedly stated that he would not enter upon the Onondaga Indian Territory unless invited by certain designated persons.

17. At all times relevant to this cause of action, Defendant John Dillon was acting not only in his individual capacity, not only as the County Sheriff of Onondaga County, but also as an agent of the County of Onondaga. Said Defendant is sued in his individually and in his official capacity.

18. As a result of the foregoing, the Plaintiffs have suffered loss of business, incurred expenses, including legal fees, emotional distress and other damages.

19. As a result of the Defendant John Dillon continuing the policy aforesaid and acting as hereinabove described with full knowledge of the illegality of said conduct, Plaintiffs demand punitive damages as set forth hereinafter.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE SHERIFF OF THE COUNTY OF ONONDAGA AND THE COUNTY OF ONONDAGA

20. Plaintiffs repeat and reallege the allegations contained in this Complaint.

21. Upon information and belief, the violation to which Plaintiffs have been subjected were as a result of and consistent with an institutionalized practice of the Onondaga County Sheriff's Department, which was known to and ratified by the Defendants, their agents and employees, and at no time did the Defendants take any effective action to prevent the continuing violations arising from the policy.

22. As a result thereof, Plaintiffs sustain damages as here and above described and hereinafter set forth.

23. The above described actions and omissions engaged in by the Defendants under color of State authority, including the Defendant County, sued as a person, responsible because of its authorization, condonation, and ratification thereof, for the acts of its agents, deprived the Plaintiffs of rights secured to them by the Constitution of the United States, including but not limited to, the right to equal protection of the laws as set forth in the Fifth and Fourteenth Amendments to the Constitution, and the right not to be discriminated against in terms of police protection based upon race.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE SHERIFF OF ONONDAGA COUNTY AND THE COUNTY OF ONONDAGA

24. Plaintiffs repeat and reallege the allegations contain in this Complaint.

25. Pursuant to Title 28 USC § 2201(a), Plaintiffs seek a judgment for declaratory and injunctive relief.

26. More specifically, Plaintiffs seek a judgment declaring that the actions of the sheriff and the policy of the County as

aforesaid are illegal and in violation of Title 42 USC § 1983 and must be terminated.

WHEREFORE, Plaintiffs demand judgment and the following relief jointly and severally against all of the Defendants as follows:

    a.  Compensatory damages in the amount of $1,000,000.00.

    b.  Punitive damages in the amount of $5,000,000.00.

    c.  A judgment declaring the policy of the Defendants to be illegal and in violation of Title 42 USC § 1983 and an order granting a permanent injunction.

    d.  Attorney's fees pursuant to 42 USC § 1988.

    e.  Such other and further relief as this Court may deem just and proper under the circumstances.

### DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial of all issues of fact to which the right of a jury trial applies.

Dated: April 15, 1993

                      JOHN J. BRUNETTI, ESQ.
                      Attorney for Plaintiffs
                      Bar Role No.: 101241
                      121 East Water Street
                      Syracuse, New York 13202
                      (315) 471-1212

                      */s/ Jack Schultz*
                      JACK SCHULTZ, ESQ.
                      Attorney for Plaintiffs
                      Bar Role No.:
                      333 E. Onondaga Street
                      Syracuse, New York 13202
                      (315) 476-1600

## VERIFICATION

STATE OF NEW YORK  )
COUNTY OF ONONDAGA )  ss.:

VERONICA PAPINEAU and KENNETH PAPINEAU, being duly sworn, says that deponents are Plaintiffs in the above-entitled action; that deponents have read the foregoing Complaint and know the contents thereof; that the same is true to deponents' own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponents believe it to be true.

_____
Veronica Papineau

_____
Kenneth Papineau

Sworn to and subscribed before me
this  15  day of April, 1993.

_____
Notary Public
Com Exp 1/31/94

STATE OF NEW YORK  )
COUNTY OF ONONDAGA )  ss.:

OLIVER HILL, being duly sworn, says that deponent is a Plaintiff in the above-entitled action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

_____
Oliver Hill

Sworn to and subscribed before me
this  15  day of April, 1993.

_____
Notary Public
Com Exp 1/31/94

-7-

STATE OF NEW YORK   )
COUNTY OF ONONDAGA )   ss.:

SUMMER ROCKWELL, being duly sworn, says that deponent is a Plaintiff in the above-entitled action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

_____
Summer Rockwell

Sworn to and subscribed before me
this  /5  day of April, 1993.

_____
Notary Public

JOHN J. BRUNETTI
NOTARY PUBLIC in the State of New York
Qualified in Onondago Co. No. 4649940
My Commission Expires March 30, 19 94

-8-