

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
------------------------------------
KENNETH PAPINEAU and VERONICA
PAPINEAU, OLIVER HILL, and SUMMER
ROCKWELL,

                Plaintiffs,

vs.

JOHN DILLON, individually, and as
Sheriff of Onondaga County and THE
COUNTY OF ONONDAGA,

                Defendants.
------------------------------------

**PLAINTIFFS' MEMORANDUM
CONCERNING MOTION TO
DISMISS\MOTION TO DENY
PRELIMINARY INJUNCTION**

Civil Action No.93-CV-491

**ORIGINAL**

## INTRODUCTION

Initial oral argument was had in relation to Plaintiffs' motion for a preliminary injunction and Defendants' motion to dismiss, or in the alternative, make the Onondaga Nation a party.  The Court heard initial oral argument and asked for:

    1.  The latest statement of the policy of the Onondaga County Sheriff's Department.

    2.  Briefs on the preliminary injunction issue.

    3.  Briefs on the indispensable party argument.

This is the Plaintiffs' response to the directive of the Court.

## THE POLICY OF THE SHERIFF

The Court correctly characterized the issue for purposes of the first half of the preliminary injunction application:  What is the policy of the Sheriff's Department with respect to the Onondaga

-1-

Indian Territory?  This is not a question of what agreements, if any, the Sheriff has made with the Onondaga Nation.  The issue is: What is the policy?  The answer is found in Mr. Gerber's affidavit. Notwithstanding this Court's adroit cross-examination of Mr. Gerber at motion term, the fact of the matter is that the policy proffered to this Court by the Defendant John Dillon contains the following concerning such policy:

      1.   "There shall be <u>no</u> <u>normal</u> <u>patrol</u> operations within the Onondaga Nation".  [.03(a)]

      2.   "Pursuits of <u>non-Indians</u> may continue onto the Nation <u>with</u> <u>permission</u> of one of the Chiefs".  [.03(b)

      3.   "Pursuit of Nation <u>inhabitants</u> shall cease at the Nation boundary".  [.03(b)]

      4.   With regard to calls for service, "A Nation Chief, as listed in § .07, will be asked for <u>permission</u> to respond onto the Nation".  [.04(a)]

      5.   Concerning alarm calls, "The Chiefs will be notified for <u>permission</u> to continue.  If <u>permission</u> is <u>denied</u>, patrols are to clear code 9 on an M.I.R. and return to routine patrol".  [.04(b)].

      6.   With regard to any call for service, "If <u>permission</u> to respond onto the Nation is <u>denied</u>, the complainant shall be notified and asked to meet with a deputy off the Nation to report for the complaint".  [.04, last unlettered paragraph]

7.   "A Nation Chief shall be contacted for <u>permission</u> before a follow-up investigation on the Nation commences".   [.05]

Several things become apparently clear from reading the policy:

1.   It discriminates in terms of police protection between "non-Indians" and "Indians".

2.   It discriminates in terms of police protection with respect to "Nation inhabitants".

3.   It discriminates in terms of police protection with respect to a geographic area predominantly comprised of one racial group.   (Counsel for the Plaintiffs will be providing the Court with additional legal authority on this point).

If <u>permission</u> is <u>denied</u>, there is no police protection.

## THE INDISPENSABLE PARTY ARGUMENT

The Defendants claim that pursuant to Rule 19(b) of the Federal Rules of Civil Procedure, this case either has to be dismissed or the Onondaga Nation must be made a party.   They rely upon <u>Fluent v. Salamanca Lease Authority</u>.   Plaintiffs submit, as was submitted at oral argument, that this argument holds no water for the following reasons:

1.   The issue before the Court is a policy, not an agreement with the Onondaga Nation.

2.   Even if a ruling by this Court in favor of the Plaintiffs would have an affect on the Onondaga Nation, it matters not

-3-

because the issue before the Court is the constitutionality of a policy.  Either the policy is constitutional, or it is not.  If it is, then whether or not the Onondaga Nation is a party is irrelevant.

     3.  If the Nation were to be made a party, the Nation would move to dismiss on sovereign immunity grounds as was conceded by the friend of the Court, Joseph Heath, Esq., who represents the Nation.

     4.  There could be no valid agreement which could be affected because the Sheriff has no authority to make any kind of agreement with an Indian tribe without the approval of the United States Government.

     5.  Finally, the Court is directed to the opinion of the Supreme Court, relied upon by Defendants, in <u>Santa Clara Pueblo v. Martinez</u>, 436 U.S. 49 (1978).  With regard to the sovereignty observations relied upon by the Defendants, the Court is respectfully directed to the Plaintiffs' Memorandum of Law submitted in connection with the preliminary injunction motion.  Moreover, the Sheriff has conceded that he has jurisdiction at the Territory. (Gerber affidavit).  However, with regard to the right of an individual Indian to sue the State or Federal Governments, the Supreme Court stated in <u>Santa Clara</u>:

> "...[W]hile exempting Indians tribes from
> constitutional provisions addressed specif-
> ically to the State or Federal Governments,
> of course, does not relieve State and
> Federal Governments of their obligations to

-4-

individual Indians under these provisions".
<u>Santa Clara Pueblo v.  Martinez</u>, 436 U.S.
at 56 n.7.

## THE MERITS

It is clear that the Defendants concede that the Sheriff has jurisdiction over crimes committed upon the Onondaga Nation Territory.  (Gerber affidavit at paragraph 3).  We also know what the policy is.

In addition to Judge Munson's decision in <u>Thompson v. State</u>, 487 F.Supp. 212, 227 (NDNY 1979), Plaintiffs also rely upon <u>Balistreri v. Pacifica Police Department</u>, 855 F.2d 1421, 1427 (9th Cir. 1988) and <u>Watson v. Kansas City</u>, 857 F.2d 690, 694 (10th Cir. 1988.

It is clear that:

1.   The county has a policy of law enforcement with regard to the Onondaga Indian Territory that is different from its policy with respect to other areas of the county.

2.   It is a written policy.

3.   It is a policy based upon the status of the area as being inhabited by Indians and/or based upon the status of persons, defendants or complainants, being Indians.

4.   It denies each resident, occupant or complainant, the equal protection of the laws.

5.   It is based upon an impermissible classification.

### IRREPARABLE HARM

The denial of a constitutional right may constitute irreparable harm per se.  <u>Bean v. Southwest Management</u>, 482 F.Supp. 673 (SDTex 1979).

### THE NEED FOR A HEARING

One of the issues before the Court on a preliminary injunction involves whether there is a substantial probability of prevailing on the merits.  Counsel for the Plaintiffs submits that there is no need for a hearing on this issue.  The policy is stated in black and white.  The Court can make a determination as to whether or not there is a substantial probability of prevailing on the merits by reading that policy.  The policy constitutes the Plaintiffs' proof based upon the affidavit submitted by Edward Gerber and the other submission in this case.  Of course, if the Defendants wish to introduce proof, and the Court wishes to allow them, there is really nothing that the Plaintiffs can do other than show up and conduct cross-examination.

On the issue of irreparable harm, if the Court finds that there is a substantial probability of prevailing on the merits because the policy is unconstitutional, then the Plaintiffs rest on the doctrine that this Court cannot allow the continued deprivation of a constitutional right to continue.  It, in and of itself, is so blatant a violation of the constitutional rights to the equal protection of

-6-

the laws and other constitutional right so as mandate an immediate response by this Court.

The above sets forth the Plaintiffs' position on whether or not a hearing on the motion for preliminary injunction is needed. Counsel for the Plaintiffs would be pleased to attend a conference with the Court to discuss this position in further detail.

Dated:  May 6, 1993

JOHN J. BRUNETTI, ESQ.
Attorney for Plaintiffs
121 East Water Street
Syracuse, New York  13202
(315)  471-1212

TO:  Clerk of the Court
     Lawrence Williams, Esq.
       County Attorney
     Edward Gerber, Esq.

-7-

ONONDAGA COUNTY SHERIFF'S DEPARTMENT

WRITTEN DIRECTIVE

ORDER TYPE:  Standard Operating Procedure     ORDER NUMBER:  SOP-C-4001-88
DATE OF ISSUE:  29 February 1988               ORDER RESCINDED:
EFFECTIVE DATE:  29 February 1988              ORDERS AMENDED: (13 November 92)
CANCEL ON:                                      AUTHORITY:Sheriff J.C. Dillon
SUBJECT:  Onondaga Nation Response
INDEX REFERENCE:  Reservation, Response To  DISTRIBUTION: All Personnel

---

This order consists of the following numbered sections:

.00   TITLE
.01   PURPOSE
.02   POLICY
.03   NORMAL PATROL OPERATIONS
.04   CALLS FOR SERVICE
.05   FOLLOW-UP INVESTIGATIONS
.06   ARRESTS/WARRANTS PROCEDURE
.07   NOTIFICATIONS


.00   TITLE

      S.O.P. Onondaga Nation Response


.01   PURPOSE

      This order  supercedes all  previous orders and  memoranda regarding
Sheriff's Department responses to the Onondaga Nation.

.02   POLICY

      The  Onondaga County Sheriff's Department,  in accordance   with
provisions  of  Federal  Law  and  the  Treaty  of  the  Six  Nations,  in
attempting  to maintain  the established  peace and  friendship with  the
Onondaga Nation and allow its members the free use and enjoyment of their
lands, has established this standard operating procedure for  response to
incidents which occur on the Onondaga Nation.

.03   NORMAL PATROL OPERATIONS

      a)   There shall be no normal patrol operations within the  Onondaga
           Nation.

      b)   Pursuits  of  non-indians may  continue  onto  the  Nation  with
           permission  of  one  of  the  Chiefs.   Pursuing patrols  shall
           proceed with  extreme caution.  Pursuits  of Nation inhabitants
           shall  cease  at  the  Nation  boundary.    A  warrant  for  the
           individual shall be obtained if possible.

c)   If an emergency response requires travel through the Nation, the patrol shall use emergency lights and drive with extreme caution. The siren shall not be used.

## .04   CALLS FOR SERVICE

a)   Sheriff's Department patrols shall respond to calls for service on the Onondaga Nation. A Nation Chief, as listed in section .07, will be asked for permission to respond onto the Nation. It should be noted that at times a large number of residents may gather to observe investigations. This is a requirement of tribal law and may be cause for caution but not alarm. The Nation requires residents to observe and report all matters to the Chief of the Nation.

b)   <u>Alarm Calls</u>: Upon receipt of an alarm activation, patrols will respond to the Onondaga Nation line. The Chiefs will be notified for permission to continue. If permission is denied, the patrols are to clear code 9 on an M.I.R. and return to routine patrol.

c)   <u>Accidents</u>: PDAA's and PIAA's occurring on U.S. Route 11 at Quarry Road (Route 81 exit) or entrance will be responded to upon receipt. The Watch sergeant or lieutenant shall also be advised and an attempt made to contact the chiefs as listed.

If permission to respond onto the Nation is denied, the complainant shall be notified and asked to meet with a Deputy off the Nation to report for the complaint.

## .05   FOLLOW-UP INVESTIGATIONS

A Nation Chief shall be contacted for permission before a follow-up investigation on the Nation commences. Follow-ups that are conducted off Nation land do not require any notifications.

## .06   ARREST/WARRANT PROCEDURE

If a suspect is identified during an investigation, a Nation Chief may be requested to surrender the suspect for prosecution. If the Chief surrenders the suspect, he shall be processed per normal procedures. If the council decides not to surrender a suspect and the complainant still desires prosecution and all the elements of a crime are met, a warrant shall be obtained as soon as practical after a suspect has been identified. It is not necessary to obtain permission from a Nation Chief to obtain a warrant. Warrants shall be forwarded to the Warrants Investigation Unit for processing and follow-up.

## .07   NOTIFICATIONS

a)   The E-911 Control Center shall, during office hours, notify the Sheriff or Undersheriff of all responses or incidents related to the Onondaga Nation that are or reasonably expected to be of extenuating circumstances. At all other times the Department Duty Commander

shall be notified and he shall be responsible for Sheriff and Undersheriff notifications.  (Sheriff - hm #478-8208, page #441-6800, radio 4799) (Undersheriff - hm #487-1750, page #441-4901, radio 4798).

b)   Those persons to call regarding Nation responses are:

|  | Cell Phone | Home # |  |
|---|---|---|---|
| Chief Edwin Cook | 436-2891 | 469-1875 |  |
| Chief Ollie Gibson | 447-6763 | 469-8814 |  |
| Chief Leon Shenandoah | 447-8362 | 469-8507 |  |
| Chief Paul Waterman |  | 446-3965 | (City) |
|  |  | 469-8505 | (Daughters) |
| Chief Irving Powless, Jr. | 447-6784 | 492-4210 |  |
| Chief Norman Powless |  | 469-0257 |  |
| Chief Ambrose Gibson |  | 492-6738 |  |
| Chief Vince Johnson |  | 677-7786 |  |

This list shall not be amended without the permission of the Sheriff.

```
PROGRAM JS39          ONONDAGA COUNTY SHERIFF'S DEPARTMENT          DATE: 04/20/93
H SUPERVISOR                  HELP RECORD INQUIRY                   TIME: 09:41:22

AGENCY: 02 RECORD TYPE: SA25        INDIAN RESERVATION PROCEDURES
00003    SA25       RESPONSE TO CALLS ON ONONDAGA INDIAN RESERVATION      03/26/93
00006    ================================================================================
00009             STANDARD OPERATING PROCEDURES AS OF 17 JUNE 1991
00012
00015    .01  POLICY
00018
00021        THE ONONDAGA COUNTY SHERIFF'S DEPT., IN ACCORDANCE WITH PROVISIONS
00024    OF FEDERAL LAW AND THE TREATY OF THE SIX NATIONS, IN ATTEMPTING TO MAIN
00027    TAIN THE ESTABLISHED PEACH AND FRIENDSHIP WITH THE ONONDAGA NATION AND
00030    ALLOW ITS MEMBERS THE FREE USE AND ENJOYMENT OF THEIR LANDS, HAS ESTAB-
00033    LISHED THIS STANDARD OPERATING PROCEDURE FOR RESPONSE TO INCIDENTS
00036    WHICH OCCURRED ON THE ONONDAGA NATION.
00039
00042    .02  PURPOSE
00045
00046        THIS ORDER SUPERCEDES ALL PREVIOUS ORDERS AND MEMORANDA REGARDING
00048    SHERIFF'S DEPT. RESPONSES TO THE ONONDAGA NATION.
FUNCTION: HRI    AGENCY: 02    RECORD TYPE: SA25        SEQ. NO:
** PRESS PA1 FOR MORE DATA. ***
PROGRAM JS39          ONONDAGA COUNTY SHERIFF'S DEPARTMENT          DATE: 04/20/93
H SUPERVISOR                  HELP RECORD INQUIRY                   TIME: 09:42:00

AGENCY: 02 RECORD TYPE: SA25        INDIAN RESERVATION PROCEDURES
00051    .03  NORMAL PATROL OPERATIONS
00054
00057      A) THERE SHALL BE NO NORMAL PATROL OPERATIONS WITHIN THE ONONDAGA
00060         NATION.
00063      B) PURSUITS OF NON-INDIANS MAY CONTINUE ONTO THE NATION WITH PER-
00066         MISSION OF ONE OF THE CHIEFS.  PURSUING PATROLS SHALL PROCEED WITH
00069         EXTREME CAUTION.  PURSUITS OF NATION INHABITANTS SHALL CEASE AT
00072         THE NATION BOUNDARY.  A WARRANT FOR THE INDIVIDUAL SHALL BE
00075         OBTAINED IF POSSIBLE.
00078      C) IF AN EMERGENCY RESPONSE REQUIRES TRAVEL THROUGH THE NATION,
00081         THE PATROL SHALL USE EMERGENCY LIGHTS AND DRIVE WITH EXTREME
00084         CAUTION.  THE SIREN SHALL NOT BE USED.
00087
00090    .04  CALLS FOR SERVICE
00093
00096        SHERIFF'S DEPT. PATROLS SHALL RESPOND TO CALLS FOR SERVICE ON THE
00099    ONONDAGA NATION.  A NATION CHIEF, AS LISTED IN SECTION .07, WILL
FUNCTION: HRI    AGENCY: 02    RECORD TYPE: SA25        SEQ. NO:
** PRESS PA1 FOR MORE DATA. ***
PROGRAM JS39          ONONDAGA COUNTY SHERIFF'S DEPARTMENT          DATE: 04/20/93
H SUPERVISOR                  HELP RECORD INQUIRY                   TIME: 09:42:10

AGENCY: 02 RECORD TYPE: SA25        INDIAN RESERVATION PROCEDURES
00102        BE ASKED FOR PERMISSION TO RESPOND ONTO THE NATION.  IT SHOULD BE
00105    NOTED THAT AT TIMES A LARGE NUMBER OF RESIDENTS MAY GATHER TO
00108    OBSERVE INVESTIGATIONS.  THIS IS A REQUIREMENT OF TRIBAL LAW AND
00111    MAY BE CAUSE FOR CAUTION BUT NOT ALARM.  THE NATION REQUIRES
00114    RESIDENTS TO OBSERVE AND REPORT ALL MATTERS TO THE CHIEF OF THE
00117    NATION.
00120
00123        IF PERMISSION TO RESPOND ONTO THE NATION IS DENIED, THE COMPLAINT-
00126    ANT SHALL BE NOTIFIED AND ASKED TO MEET WITH A DEPTUY OFF THE
00129    NATION TO REPORT THE COMPLAINT.
00132
00135    .05  FOLLOW-UP INVESTIGATIONS
```

```
00141        A NATION CHIEF SHALL BE CONTACTED FOR PERMISSION BEFORE A FOLLOW-
00144     UP INVESTIGATION ON THE NATION COMMENCES.  FOLLOW-UPS THAT ARE
00147     CONDUCTED OFF NATION LAND DO NOT REQUIRE ANY NOTIFICATIONS.
00150
FUNCTION: HRI    AGENCY: 02    RECORD TYPE: SA25        SEQ. NO:
** PRESS PA1 FOR MORE DATA. ***
PROGRAM JS39          ONONDAGA COUNTY SHERIFF'S DEPARTMENT        DATE: 04/20/93
H SUPERVISOR                  HELP RECORD INQUIRY                 TIME: 09:42:16


AGENCY: 02 RECORD TYPE: SA25        INDIAN RESERVATION PROCEDURES
00153   .06  ARREST/WARRANT PROCEDURE
00156
00159     IF A SUSPECT IS IDENTIFIED DURING AN INVESTIGATION, A NATION CHIEF
00162     MAY BE REQUESTED TO SURRENDER THE SUSPECT FOR PROSECUTION. IF THE
00163     CHIEF SURRENDERS THE SUSPECT, HE SHALL BE PROCESSED PER NORMAL
00165     PROCEDURES.  IF THE COUNCIL DECIDES NOT TO SURRENDER A SUSPECT &
00167     THE COMPLAINANT STILL DESIRES PROSECUTION AND ALL THE ELEMENTS OF
00168     A CRIME ARE MET, A WARRANT SHALL BE OBTAINED AS SOON AS PRACTICAL
00170     AFTER A SUSPECT HAS BEEN IDENTIFIED.  IT IS NOT NECESSARY TO
00171     OBTAIN PERMISSION FROM A NATION CHIEF TO OBTAIN A WARRANT.
00173     WARRANTS SHALL BE FORWARDED TO THE WARRANTS INVESTIGATION UNIT FOR
00174     PROCESSING AND FOLLOW-UP.
00177
00180   .07  NOTIFICATIONS
00183
00186     A)  COMM/INFO SHALL, DURING OFFICE HRS, NOTIFY THE SHERIFF OR UNDER-
00189         SHERIFF OF RESPONSES OR INCIDENTS RELATED TO THE ONONDAGA NATION
FUNCTION: HRI    AGENCY: 02    RECORD TYPE: SA25        SEQ. NO:
** PRESS PA1 FOR MORE DATA. ***
PROGRAM JS39          ONONDAGA COUNTY SHERIFF'S DEPARTMENT        DATE: 04/20/93
H SUPERVISOR                  HELP RECORD INQUIRY                 TIME: 09:42:23


AGENCY: 02 RECORD TYPE: SA25        INDIAN RESERVATION PROCEDURES
00192         THAT "ARE OR REASONABLY EXPECTED TO BE OF EXTENUATING CIR-
00195         CUMSTANCES".  AT ALL OTHER TIMES, THE DEPT. DUTY COMMANDER SHALL
00198         BE NOTIFIED AND HE SHALL BE RESPONSIBLE FOR SHERIFF AND UNDER-
00201         SHERIFF NOTIFICATIONS. (SHERIFF-HM#478-8208 PAGE 441-6800 RADIO
00203         4799) UNDERSHERIFF-HM#487-1750 PAGE 441-4901 RADIO 4798)
00204
00205   B)  THOSE PERSONS TO CALL REGARDING NATION RESPONSES ARE:
00206                                  CELL PHONE      HOME #
00207      CHIEF EDWIN COOK           436-2891       469-1875
00210      CHIEF OLLIE GIBSON         447-6763       469-8814
00213      CHIEF LEON SHENANDOAH      447-8362       469-8507
00216     *CHIEF PAUL WATERMAN (ILL - UNABLE TO     446-3965 (CITY)
00217                            ACCEPT NOTIFICATIONS) 469-8505 (DAUGHERS)
00218
00219      CHIEF IRVING POWLESS JR.   447-6784       492-4210
00222      CHIEF NORMAN POWLESS                      469-0257
00223      CHIEF AMBROSE GIBSON                      492-6738
FUNCTION: HRI    AGENCY: 02    RECORD TYPE: SA25        SEQ. NO:
** PRESS PA1 FOR MORE DATA. ***
PROGRAM JS39          ONONDAGA COUNTY SHERIFF'S DEPARTMENT        DATE: 04/20/93
H SUPERVISOR                  HELP RECORD INQUIRY                 TIME: 09:42:28


AGENCY: 02 RECORD TYPE: SA25        INDIAN RESERVATION PROCEDURES
00224      CHIEF VINCE JOHNSON                       677-7786
00225    THIS LIST SHALL NOT BE AMENDED WITHOUT THE PERMISSION OF THE SHERIFF.
00243
00244   C.  ALARM CALLS:
00245     UPON RECEIPT OF AN ALARM ACTIVATION, PATROLS WILL RESPOND TO
00246     THE ONONDAGA NATION LINE.  THE CHIEFS WILL BE NOTIFIED FOR
00247     PERMISSION TO CONTINUE.  IF PERMISSION IS DENIED, THE PATROLS
00248     ARE TO CLEAR CODE 9 ON AN M.I.R. AND RETURN TO ROUTINE PATROL.
00249
00250   D.  ACCIDENTS
```

```
00249
00250     D.   ACCIDEN
00251          10-79'S AND 10-80'S OCCURRING ON U.S. RT. 11 AT QUARRY ROAD (RT 81
00252          EXIT) OR ENTRANCE WILL BE RESPONDED TO UPON RECEIPT.  THE WATCH
00253          SERGEANT OR LIEUTENANT SHALL ALSO BE ADVISED AND AN ATTEMPT MADE
00254          TO CONTACT THE CHIEFS AS LISTED.
00255
00256     E.   DISPATCH TO INCIDENTS
00257          TWO SHERIFF'S PATROL UNITS SHALL BE DISPATCHED TO ALL CALLS
FUNCTION: HRI    AGENCY: 02   RECORD TYPE: SA25       SEQ. NO:
** PRESS PA1 FOR MORE DATA. ***
PROGRAM JS39          ONONDAGA COUNTY SHERIFF'S DEPARTMENT        DATE: 04/20/93
H SUPERVISOR                  HELP RECORD INQUIRY                 TIME: 09:42:36

AGENCY: 02 RECORD TYPE: SA25        INDIAN RESERVATION PROCEDURES
00258          ON THE RESERVATION, AND A PATROL SUPERVISOR SHALL BE
00259          NOTIFIED.  THE SUPERVISOR MUST RESPOND ALSO ON SERIOUS
00260          OR POTENTIALLY DANGEROUS CALLS FOR SERVICE.
00261
00262                          THE END




FUNCTION: HRI    AGENCY: 02   RECORD TYPE: SA25       SEQ. NO:
** END OF DATA.
```

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
------------------------------------------
KENNETH PAPINEAU and VERONICA PAPINEAU,
OLIVER HILL, and SUMMER ROCKWELL             CIVIL ACTION NO. 93-CV-491

                    Plaintiffs,             **CERTIFICATE OF SERVICE**
                                            **BY MAIL**
vs.

JOHN DILLON, individually, and as
Sheriff of Onondaga County and
THE COUNTY OF ONONDAGA

                    Defendants.
------------------------------------------

        The undersigned being duly sworn, deposes and says that:

        Deponent is not a party to the action, is over 18 years of age
and resides at 15 Birch Road, Syracuse, New York.

        That on May 7, 1993, deponent served the annexed PLAINTIFFS'
MEMORANDUM CONCERNING MOTION TO DISMISS\MOTION TO DENY PRELIMINARY
INJUNCTION by mailing a copy of same

TO:   LAWRENCE R. WILLIAMS, ESQ.
      County Attorney
      Department of Law
      421 Montgomery Street, 10th Floor
      Syracuse, New York  13202

      EDWARD GERBER, ESQ.
      825 University Building
      Syracuse, New York  13202

the address(es) designated by said individual(s) for that purpose.

                            Jill Arlukiewicz
                        Jill Arlukiewicz