

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
----------------------------------------
KENNETH PAPINEAU and VERONICA
PAPINEAU, OLIVER HILL, and SUMMER
ROCKWELL,

              Plaintiffs,

vs.

JOHN DILLON, individually, and as
Sheriff of Onondaga County and THE
COUNTY OF ONONDAGA,

              Defendants.
----------------------------------------

SUPPLEMENTAL MEMORANDUM OF LAW CONCERNING MOTION FOR PRELIMINARY INJUNCTION

Civil Action No. 93-CV-491

## INTRODUCTION

    Heretofore, Plaintiffs informed the Court, both by letter and by Memorandum, that no hearing was necessary on what the Sheriff's policy was because it was in black and white. At least, this statement was true with respect to the policy as it then existed at the time this action was filed, at the time of oral argument, and at the post argument briefing stage.

    It now appears that after the Defendants enjoyed an opportunity to hear and document this honorable Court's concerns expressed at oral argument with respect to the policy, the policy was changed.

    A comparison of the old with the new reveals significant changes:

        1. The last, unnumbered provision of paragraph .04 of the November 13, 1992 policy, which did read "if permission to respond unto the Nation is denied, the complainant shall be notified and

-1-

asked to meet with a deputy off the Nation to report the complaint" has now been removed.

    2. Two new provisions have been added to § .04 of the May 5, 1993 procedures:

    .04(b) "If a complainant/victim of any type incident meets with a deputy off the Onondaga Nation property, notification to a Nation chief is not necessary. This would include (should it occur) any case where permission to enter the Nation is not received and a complainant is notified and asked to meet with a deputy off of the Nation."

    .04(e) "For any in process incident involving a threat to life or serious injury to an individual, a response to the incident scene will be initiated immediately. Responding deputies will continue their response to the scene while normal notification procedures are followed in the above situation. Permission to enter Nation Territory is not required prior to entering the Nation."

Finally, the old § .04(b) referring to alarm calls has been both relabeled at .04(c) and the words "except as provided in paragraph (e), below" have been <u>added</u>.

### PLAINTIFFS' POSITION ON THE NEED FOR HEARING

In a letter to this Court and in a Memorandum it was the Plaintiffs' position that policy as of the date this action was commenced on April 16, 1993, was as stated in the Gerber affidavit attachment, to wit: the standard operating procedures dated November 13, 1992.

These were the procedures commented upon by counsel for the Plaintiffs in a letter to the Court previously submitted.

This lawsuit seeks damages for a violation of constitutional rights that occurred in the past, that is, prior to April 16, 1993. It is those "merits" that will be the subject of either a summary judgment motion or a trial in this case. The change of policy will of course be asserted as an admission. However, Plaintiffs' lawsuit also seeks declaratory relief and alleges that the Sheriff's policy as it existed on April 16, 1993 is unconstitutional. Counsel for the Plaintiffs is unsure whether the issue now becomes the constitutionality of the May 5, 1993 procedure. If that is the case, then which "merits" must be there be a substantial probability of prevailing on? This is perhaps an issue which should be addressed by the Court at an appearance on this matter in the immediate future, which is hereby requested.

It is Plaintiffs' position that the Defendant Sheriff has changed his policy in the middle of this lawsuit. This puts Plaintiffs in a difficult position because now the issues have been multiplied.

    1.  The issue at the trial of this case or on summary judgment will be what was the policy prior to the commencement of the action and, if unconstitutional, the appropriate damages.

2. The issue on the preliminary injunction stage is whether or not Plaintiffs have a substantial probability of prevailing on the "merits."

3. Since the Sheriff has changed the policy, at least in Plaintiffs view, must the Court now deal with the old policy or the new policy in terms of whether or not said policy is unconstitutional, and in terms of whether or not there is a substantial probability of prevailing on the "merits?"

4. Counsel for the Plaintiffs respectfully requests an immediate placement of this case on the calendar for further oral argument concerning the issues raised by the change of policy and how they affect the procedural setting of this case.

### ADDITIONAL AUTHORITY

There are two cases, in addition to the authority previously provided to this Court, that summarily dispose of the issue before this Court. With respect to equal protection claims, the Supreme Court of the United States of America has definitively and emphatically and unqualifiedly stated:

> The State may not...selectively deny its protective services to certain disfavored minorities without violating the equal protection clause. DeShaney v. Winebago County, 489 US 189, 197 n. 3 (1989).

This Court is also asked to read one page of the decision in Mody v. The City of Hoboken, 758 F.Supp. 1027 (DNJ 1991). A reading of this case makes the case before this Court almost sound surreal.

That is because the Judge in the <u>Hoboken</u> case only theorized the remote possibility that a police department would "...expressly and publicly announce" that it would not treat a particular ethnic group the same as others.  <u>Mody v. The City of Hoboken</u>, <u>supra</u> at 1031. Plaintiffs urge this Court to agree with the following observation of the presiding Judge in the <u>Mody</u> case:

> If Plaintiffs allegations are true, as viewed at this stage in a favorable light, then the defendants' actions are precisely the type of actions that motivated Congress to pass § 1983 in the first place!  <u>Mody v. The City Hoboken</u>, <u>supra</u> at 1031 (all emphasis added).

### ADDENDUM

The above Memorandum was dictated before counsel's receipt of two letters from this honorable Court dated May 12, 1993.  With regard to the Court's letter to the Defendants, counsel for the Plaintiffs has not received a copy of the February 29, 1988 standard operating procedure.  Counsel would certainly like a copy.

With regard to the Court's letter to the Justice Department, my limited experience with the U.S. Department of Justice indicates that this matter may likely be a combination brief from both the Civil Rights Division and from the Environmental and Lands Division. Your honor should know that I, while an Assistant United States Attorney, was the liaison for the United States Attorney's Office to James Schermerhorn, who was responsible for a civil rights case involving the Oneida Police Department.  Mr. Schermerhorn has since

transferred to a different division of the Justice Department. I learned this when I contacted said division and spoke with Nora Jean Flannigan on April 5, 1993. Her telephone number is (202) 514-3204.

Despite the foregoing, counsel still requests a Court appearance in this matter.

Respectfully submitted,

_____
JOHN J. BRUNETTI, ESQ.
Attorney for Plaintiffs
121 East Water Street
Syracuse, New York  13202
(315)  471-1212

TO:   LAWRENCE WILLIAMS, ESQ.
      County Attorney
      Department of Law
      421 Montgomery Street, 10th Floor
      Syracuse, New York  13202

      EDWARD GERBER, ESQ.
      825 University Building
      Syracuse, New York  13202

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
------------------------------------------
KENNETH PAPINEAU and VERONICA PAPINEAU,
OLIVER HILL, and SUMMER ROCKWELL           CIVIL ACTION NO. 93-CV-491

            Plaintiffs,                    **CERTIFICATE OF SERVICE**
                                           **BY MAIL**
vs.

JOHN DILLON, individually, and as
Sheriff of Onondaga County and
THE COUNTY OF ONONDAGA

            Defendants.
------------------------------------------

   The undersigned being duly sworn, deposes and says that:

   Deponent is not a party to the action, is over 18 years of age and resides at 15 Birch Road, Syracuse, New York.

   That on May 14, 1993, deponent served the annexed PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW CONCERNING MOTION FOR PRELIMINARY INJUNCTION by mailing a copy of same

TO:   LAWRENCE R. WILLIAMS, ESQ.
      County Attorney
      Department of Law
      421 Montgomery Street, 10th Floor
      Syracuse, New York  13202

      EDWARD GERBER, ESQ.
      825 University Building
      Syracuse, New York  13202

the address(es) designated by said individual(s) for that purpose.

                                    _____
                                    Jill Arlukiewicz