**ORIGINAL**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

———————————————————————

KENNETH PAPINEAU and VERONICA PAPINEAU,
OLIVER HILL, and SUMMER ROCKWELL,

                    Plaintiffs,

          vs.

JOHN DILLON, Individually and as
Sheriff of Onondaga County and THE
COUNTY OF ONONDAGA,

                    Defendants.

———————————————————————x

DEFENDANTS'
MEMORANDUM IN
OPPOSITION TO
PRELIMINARY INJUNCTION
AND IN SUPPORT OF
DISMISSAL MOTION

93-CV-491
Judge Scullin, Jr.
Mag. DiBianco

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
MAY 14 1993
AT _____ O'CLOCK _____ M
GEORGE A. RAY, CLERK
SYRACUSE

## PRELIMINARY STATEMENT

At the time of oral argument on Plaintiffs' application for a Preliminary Injunction and Defendants' opposition and application for dismissal, the Court declined to issue the requested relief of any party and ordered further submittals. The following constitutes Defendants' response.

## PLAINTIFFS LACK STANDING

Article III of the United States Constitution requires a current case or controversy before one has standing to sue in the federal courts. A Plaintiff must allege actual or threatened injury in fact. <u>Flast v. Cohen</u>, 392 U.S. 83 88 S.Ct. 1942 (1968). <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 103 S.Ct. 1660 (1983). The only affidavit submitted in

support of Plaintiffs' claim in the case at bar, the affidavit of Kenneth Papineau dated April 15, 1993, hopelessly fails to meet this standard. Mr. Papineau does not allege any injury in fact to himself. Plaintiffs thus appear to be trying to rely upon alleged violations of the constitutional rights of other persons to achieve standing to sue. This is not permissible. <u>Allen v. Wright</u>, 468 U.S. 737, 104 S.Ct. 3315 (1984). Not only do Plaintiffs fail to allege a true case or controversy based upon their failure to cite violations specific to themselves, they further fail to meet the standing requirement that the alleged injury must be fairly traceable to the challenged action. <u>Allen v. Wright</u>, <u>id.</u>. Even if this Court were to enjoin the subject Sheriff's Department Procedure, Plaintiffs would not thereby achieve their ultimate goal, the reopening of their businesses.

If Plaintiff's claim is one to generally have the Sheriff, and through him, his deputies, act in accordance with law, the claim again fails to meet the standing requirements established for the federal courts. Such claims are simply too abstract. <u>Allen v. Wright</u>, 468 U.S. 737, 754, 104 S.Ct. 3315, 3326 (1984).

Therefore, the prerequisite for obtaining equitable relief has not been met and Plaintiff's application for this extraordinary remedy should be denied.

## PLAINTIFFS HAVE NOT DEMONSTRATED IRREPARABLE INJURY NECESSARY FOR INJUNCTIVE RELIEF

In order to obtain the extraordinary remedy of a preliminary injunction a Plaintiff's burden is that of showing irreparable injury and this burden cannot be satisfied without demonstrating that the likelihood exists that there is an immediate threat that Plaintiff will again be injured. City of Los Angeles v. Lyons, 461 U.S. 95, 111, 103 S.Ct. 1660, 1670, (1983). Plaintiffs herein can make no such claim, their assertions of irreparable harm related to the Sheriff's Department are purely speculative. In an application for injunctive relief, it is Plaintiff's burden to show that he has no adequate remedy at law. Roland Machinery Co. v. Dresser Industries, Inc., 749 F.2d 380 (C.A. Ill. 1984). . In the case at bar, Plaintiff's ultimate goal is to reopen their businesses and recoup their lost profits. Such economic loss is not irreparable harm sufficient to support injunctive relief. Wisconsin Gas Co. v. F.E.R.C., 758 F.2d 669 (C.A.D.C. 1985). Plaintiffs' reliance on Bean v. Southwestern Waste Management Corp., 482 F. Supp. 673 (S.D. Texas, 1979) is misplaced. While the Court there reiterated the principle that a constitutional deprivation may equate to irreparable injury, in so doing the Court cited the case of Henry v. Greenville Airport Commission, 284 F.2d 631 (4th Cir. 1960). That case dealt with the undisputed practice of an airport to segregate its white and "colored" passengers in separate waiting rooms. The Court placed significant emphasis that the segregation

there was <u>undisputed</u> by the defendants and thus an injunction was proper. In the case at bar, virtually every fact is disputed and as has been previously shown to the Court, it is defendants position that there is no racial discrimination occurring in the application of the Onondaga County Sheriff's Department Procedure currently under scrutiny.

Plaintiffs have thus failed to demonstrate the requisite irreparable harm and no injunction should issue.

<u>THE ONONDAGA NATION IS AN INDISPENSABLE
PARTY TO THIS ACTION</u>

Plaintiffs seek to enjoin a Procedure of the Onondaga County Sheriff's Department which represents the implementation of an Agreement reached between the Sheriff and the Onondaga Chiefs. Without the underlying Agreement, there would be no such Procedure. Thus, the Procedure does not exist in a vacuum. To attack the Procedure is to attack the Agreement; if the Procedure is set aside the Agreement is essentially nullified and any party to that Agreement is indispensable. The federal courts have recognized that the rules regarding joinder and the indispensability of a party are primarily based in equity and should not be applied in a mechanical manner. <u>Francis Oil & Gas, Inc. v. Exxon Corp.</u>, 661 F.2d 873 (C.A. Okl. 1981), <u>Donahue v. Board of Elections of State of New York</u>, 435 F.Supp. 957 (E.D.N.Y. 1976). Applying those rules to the case at bar, the Onondaga Nation must be joined since the Procedure under scrutiny affects

the operations of the Sheriff's Department only on Onondaga Nation Territory.

Dated: April 14, 1993.

>Yours, etc.
>
>JON A. GERBER, COUNTY ATTORNEY
>
>*Lawrence R Williams*
>By: Lawrence R. Williams
>Deputy County Attorney
>Bar Roll No. 501126
>Office & P.O. Address
>John H. Mulroy Civic Center
>421 Montgomery St., 10th Fl.
>Syracuse, NY  13202
>(315) 435-2170